Estep, J.
Error to police justice.
This was an action for the violation of the Sunday liquor law,, charging the plaintiff in error with having kept his saloon open on the first day of the week, commonly called Sunday, in violation of the statute of the state of Ohio.
The facts in this case show that on the evening of March 10, 1907, said day being the first day of the week, commonly called Sunday, a constable from the court of 'William Brown, a police justice within and for East Cleveland township in the county of Cuyahoga and state of Ohio, in company with an assistant, went to the place of business of the plaintiff in error, located on Broadway in the city of Cleveland; that after having obtained admission to the place, which was a saloon, said constable and his *156 assistant saw clivers persons in the barroom drinking beer and other intoxicating liquors; that the plaintiff in error ordered them from his place, and was about to proceed to eject them, when the constable served a warrant upon the plaintiff in error, charging him with violating the Sunday liquor law.
The warrant was procured earlier in the day, and called for the arrest of “John Doe, whose real name to affiant was unknown.” A return was made upon this warrant, and a trial and conviction followed. No additional affidavit was made, and no other warrant was served on the plaintiff in error. At the trial the conviction was procured on the facts occurring after the taking olit of the “John Doe” warrant and before the service of the same. The question raised by counsel for plaintiff in error is: Was the plaintiff tried without an affidavit supporting the charge?
Section 7129, Revised Statutes, provides that a constable shall arrest and detain any person found violating any law of this state, or any legal ordinance of a city or village, until a legal warrant can be obtained.
Section 7133, Revised Statutes, provides that when an affidavit charging any person with the commission of an offense is filed with such magistrate, he shall, if he has reasonable ground to believe that the offense charged has been committed, issue a warrant for the arrest of the accused.
These statutes clearly authorized the constable in the case at bar to arrest the defendant for violating the liquor law, and to hold him until-a warrant could be obtained. In order to obtain the warrant, an affidavit must be filed with the magistrate charging him with the offense. No legal warrant can issue without such affidavit. The law in Ohio, and probably in a majority of the states, requires an affidavit to support the charge upon which a defendant is tried. Weisbrodt v. State, 50 Ohio St., 192.
In the ease before us one “John Doe” was charged in an affidavit with having violated the Sunday liquor law on March 10, 1907, but the fact of such violation, if any there was, existed at a time prior to the arrest of the plaintiff in error. The evidence is not even clear that said warrant was intended for the plaintiff in error, and it is quite clear that it could have been served on *157 any other saloon keeper in the city of Cleveland, whose place of business was kept open on this day.
The location of the saloon was not set out in the affidavit, a practice which ivas always followed when the court had practical experience with these matters. If there were any facts to support the warrant upon which the plaintiff in error was arrested, they have not been disclosed, and the record is silent in regard to the same.
The case at bar, therefore, is one which was tried without a proper affidavit charging the offense, and without a proper warrant having been served on the plaintiff in error. The offense charged in the “John Doe” affidavit, which was sworn to and a warrant issued thereon, prior to the facts upon which conviction Avas had, Avas never tried, and no evidence AAas offered to sustain the charge.
It seems to the court that the policy of permitting a constable to go about with “John Doe” warrants in'his pocket with power to serve the same at random, and particularly in cases in Avhich a warrr .t is not necessary in the first instance, is a policy'to be condemned.
No affidavit, based upon the evidence adduced at the trial, was ever sAvorn to in the ease at bar. The plaintiff in error, therefore, was tried and convicted without a proper affidavit being sworn to by the arresting officer.
Another error appearing in the record was the admission, over the objection of the plaintiff in error, of the communication from Frank McCord, collector of internal revenue in the eighteenth district of the United States, to S. V. McMahon, prosecuting attorney of Cuyahoga county, Ohio, certifying that the plaintiff in error had paid his liquor tax to the United States government. This testimony Avas offered in order to show that the plaintiff in error was conducting a saloon at No. 8243 Broacl-Avay, Cleveland, Ohio, upon other days of the week than Sunday. The fact, sougth to be proven by this communication, would, in my opinion, be admissible, but the mode of proof was clearly erroneous.
There AAas other evidence, tending to shoAv that the place in question was a saloon on other days of the week than Sunday, *158 and yet it is difficult to say what effect this certificate had upon the mind of the police justice. I am inclined to think, and hold, that it was prejudicial error.
Hart, Canfield & Croke, for plaintiff in error.
Albert Taylor, for defendant in error;
For these reasons, therefore, the judgment is reversed and the plaintiff in error is discharged.